UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BECKY FAULKNER,

    Plaintiff,
vs.

CARNIVAL CORPORATION,
D/B/A CARNIVAL CRUISE LINE, INC.

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, BECKY FAULKNER, by and through undersigned counsel, and sues Defendant CARNIVAL CORPORATION, D/B/A CARNIVAL CRUISE LINE, INC., and further states as follows:

## JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, (hereinafter "Plaintiff"), is *sui juris*, is a citizen and resident of the state of Arizona and was at all times material a fare-paying passenger aboard the cruise ship *CARNIVAL MIRACLE* which was owned and/or operated by CARNIVAL CORPORATION, D/B/A CARNIVAL CRUISE LINE, INC., (hereinafter "CARNIVAL").

3. Defendant CARNIVAL is a foreign corporation with its principal place of business located at Miami, Florida.

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 and 1333 because

there is complete diversity of citizenship as well as this being a maritime cause of action.

5. At all times material hereto, CARNIVAL has conducted ongoing, substantial, and not isolated business activity in Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In its ticket contract with Plaintiff, CARNIVAL requires fare-paying passengers like Plaintiff to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to filing this action.

## **GENERAL ALLEGATIONS**

10. Defendant CARNIVAL owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about August 27, 2024, the Plaintiff was a fare-paying passenger aboard CARNIVAL's cruise ship *Carnival Miracle*.

11. On that date, the Plaintiff was in her interior cabin when she began feeling symptoms of respiratory failure.

13. The cabin had suffered flooding from the shower and had a dank, musty smell.

14. Plaintiff suffers from asthma. She began noticing trouble breathing due to the dank, musty conditions in the cabin. She reported to guest services and asked for a cabin change or an amelioration of the conditions in the cabin.

15. Defendant's duty of reasonable care in the circumstances includes keeping the Plaintiff's passenger cabin free from hazards such as mold.

16. On the aforesaid date, Defendant owned and/or operated the *Carnival Miracle*.

17. At all times material, Plaintiff acted with due care for her own safety.

## COUNT I – NEGLIGENCE

18. Plaintiff reavers and realleges paragraphs 1 through 17 as if set forth herein.

19. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

20. Defendant failed to keep the Plaintiff's cabin in a clean and dry condition.

21. Defendant had actual notice and knowledge of the dangerous condition which caused Plaintiff's injury based on the knowledge and actions of supervisors and ordinary employees working in the area at the time of Plaintiff's injury.

22. At all times material, Defendant had knowledge of the condition of the cabin and the Plaintiff's asthma as alleged in paragraphs 13-14 and/or the dangerous conditions existed for a sufficient period that Defendant through its employees had actual and/or constructive knowledge of the dangerous conditions, and/or Defendant had actual and/or constructive knowledge of the dangerous conditions through the ordinary observations of its employees working in the area.

23. Defendant was negligent by a) Failing to keep a passenger cabin clean and dry, and/or; b) Failing to keep a ventilation system in good condition, and/or; c) Failing to supervise change Plaintiff's cabin when she reported the problem with

dampness in her cabin or the flood from her bathroom shower which soaked the flooring and carpet.

24. As a result of the foregoing, the Plaintiff was seriously injured in and about her body and extremities when she developed acute respiratory failure after being in her passenger cabin. The Plaintiff suffered pain, mental and emotional distress and anguish therefrom; aggravation of pre-existing conditions; incurred medical expense and suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of the enjoyment and value of the cruise; required hospitalization for eight days. Said injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT II - NEGLIGENT FAILURE TO WARN

25. Plaintiff reavers and realleges paragraphs 1 through 17 as if set forth herein.

26. Plaintiff's passenger cabin was poorly ventilated and prone to flooding.

27. Defendant was aware or should have been aware through the exercise of reasonable care in the circumstances of the unreasonable danger posed by the poor ventilation and flooding from the shower based on the actions and observations of employees in the area prior to Plaintiff being injured including cleaners, cabin stewards and supervisors.

28. The dangerous conditions as previously alleged in paragraph 13-14 were neither open nor obvious to the Plaintiff using his five senses nor was she told about the dangerous conditions hereinbefore alleged.

29. At all times material, the Plaintiff was acting with due care for her own safety.

30. As a result of the foregoing, the Plaintiff was seriously injured in and about her body and extremities. Plaintiff has suffered pain, mental and emotional distress and anguish therefrom; aggravation of pre-existing conditions; incurred medical expense and suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of the enjoyment and value of the cruise; required in-patient hospitalization for eight days. Said injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Plaintiff demands trial by jury.

DATED this 21st Day of August, 2025.

Respectfully submitted,

/s/ *Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN, ESQ.
Florida Bar No. 0279897
pmh@paulhoffmanlaw.com
2881 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: 954-707-5040
Facsimile:  954-315-1702
*Attorney for Plaintiff*